## SELLERS v. GIBSON.
### No. 8712.

Court of Civil Appeals of Texas. San Antonio.
Jan. 13, 1932.

Rehearing Denied Feb. 17, 1932.

Sid B. Malone, of Beeville, for appellant.

W. G. Gayle, of Beeville, and C. C. Carsner, of Victoria, for appellee.

FLY, C. J.

This is a suit by appellee to recover freight money due him by appellant for hauling cotton bales on the truck of appellee from various points to Houston, in the sum of $800. The suit was originally filed in Victoria county, and, upon a plea of privilege, the venue was changed to Live Oak county, and then by agreement of parties the venue was changed to Bee county, where it was tried. Judgment was rendered in favor of appellee for $800 as against appellant and his sureties on a replevin bond, three trucks of appellant having been attached by appellee. The petition with its exhibits covers 47 pages of the record.

The exhibits were not necessary and merely added to the costs of suit, and the court should have granted the motion of appellant to strike them from the petition. The only tenable objection to the exhibits was the increased cost, and the transcript shows that nearly half of the petition is made up of the exhibits. The error can be corrected by repaying the costs on the transcript. On a pro rata basis, the exhibits were placed in the transcript at a cost of $32.20, which appellant should not be forced to pay.

Appellant contracted with appellee to pay him for hauling cotton at the rate fixed by the railroad commission of Texas. The exhibits attached to the petition were used to establish the rate fixed by the commission. Appellee swore that he obtained the exhibits from the railroad commission and verified them in every respect. Article 6478, Revised Statutes, provides that printed copies of the rates and regulations of the railroad commission should be admissible in evidence, and further provides that a substantial compliance with the terms of the statute would be sufficient. A mimeograph copy of the rates would be a substantial compliance with the statute.

In place of assignments of error, appellant has in his brief what he calls "Appellant's claimed errors of the trial Court." We overrule them.

The judgment is affirmed.